IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **LEOPOLDO RIVERA-VALDES**, <br><br> Petitioner, <br><br> v. <br><br> **CHAD WOLF**, Acting Secretary of Homeland Security;[1] **WILLIAM BARR**, U.S. Attorney General; **MATTHEW ALBENCE**, Acting Director of U.S. Immigration and Customs Enforcement; **ELIZABETH GODFREY**, Supervising Officer of ICE/ERO Portland Office; **BRAD LOHREY**, Overseeing Sheriff of Northern Oregon Corrections Facility; and **DAN LINDHORST**, Jail Commander, <br><br> Respondents. | Case No. 3:19-cv-01421-AC <br><br> **OPINION AND ORDER** |

Jimmy Namgyal, Law Office of Jimmy Namgyal, 5200 Meadows Road, Suite 150, Lake Oswego, Oregon 97035. Attorney for Petitioner.

Billy J. Williams, United States Attorney, and Kevin Danielson, Assistant United States Attorney, United States Attorney's Office for the District of Oregon, 1000 SW Third Avenue, Suite 600, Portland, Oregon 97204. Attorneys for Respondents Wolf, Barr, Albence, and Godfrey.

---

[1] Under Fed. R. Civ. P. 25(d), Acting Secretary Wolf is automatically substituted as a party in this case.

**IMMERGUT, District Judge.**

On October 11, 2019, Magistrate Judge John V. Acosta issued his Findings and Recommendation (F&R), recommending denial of the amended petition for writ of habeas corpus, ECF 3, and emergency motion for stay of removal, ECF 6, that Petitioner filed in this matter. ECF 14. No party filed objections.

## DISCUSSION

Under the Federal Magistrates Act ("Act"), as amended, the court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). If a party files objections to a magistrate judge's F&R, "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* But the court is not required to review, de novo or under any other standard, the factual or legal conclusions of the F&R to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140, 149–50 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). Nevertheless, the Act "does not preclude further review by the district judge, sua sponte," whether de novo or under another standard. *Thomas*, 474 U.S. at 154.

No party having filed objections, the Court has reviewed the F&R, ECF 14, and accepts Judge Acosta's conclusion that Petitioner's habeas corpus petition is now moot. While the F&R does not address whether to dismiss the habeas petition with or without prejudice, the Ninth Circuit has held that "a dismissal for mootness is a dismissal for lack of jurisdiction." *Tur v. YouTube, Inc.*, 562 F.3d 1212, 1214 (9th Cir. 2009); *see also Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 78–79 (2013). Dismissals for lack of jurisdiction "must be without prejudice." *Hampton v. Pac. Inv. Mgmt. Co. LLC*, 869 F.3d 844, 846 (9th Cir. 2017).

Accordingly, the amended petition for writ of habeas corpus, ECF 3, and emergency motion for stay of removal, ECF 6, are DENIED. This case is DISMISSED without prejudice. This Court DECLINES to issue a certificate of appealability because Petitioner has not made a substantial showing of the denial of a constitutional right, as required under 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED**.

DATED this 21st day of November, 2019.

/s/ Karin J. Immergut
Karin J. Immergut
United States District Judge

PAGE 3 – OPINION AND ORDER